IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATINA RIGGS-DEGRAFTENREED                                    PLAINTIFF

v.                          No. 4:13-cv-669-DPM

WELLS FARGO HOME MORTGAGE INC.;
WELLS FARGO BANK NA; and WILSON
& ASSOCIATES PLLC                                             DEFENDANTS

ORDER

The parties agree that all the criteria for removal under CAFA — minimal diversity, a sufficient number of putative class members, and more than $5,000,000.00 in controversy — are met. № 20 at 1. The fighting issue is whether Defendants' thirty-day window had already closed when they removed the case. The window opens when a defendant has clear notice that the case is removable. That usually happens when the complaint is served. 28 U.S.C. § 1446(b). But that's so only if "the complaint explicitly discloses [that] the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)(*per curiam*).

Riggs-Degraftenreed filed a complaint and three amended complaints.* She didn't specify the amount in controversy in any of them. The third and

---

*The three amended complaints were titled and docketed as the amended complaint, the third amended complaint, and the fourth amended complaint. There is no second amended complaint.

fourth amended complaints say the amount at stake is "greatly in excess of $75,000." *№ 15 at 1 & № 16 at 1*. But even that statement probably wasn't specific enough to open the removal window. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011); *Atwell v. Boston Scientific Corp.*, 2013 WL 6050762 at *2 (8th Cir. 2013)(applying the *Knudson* rule in a CAFA case). Defendants nonetheless removed the case about twenty-five days after Riggs-Degraftenreed filed her third amended complaint. This pleading expanded the proposed class from Arkansawyers to people "dispersed throughout the United States." *№ 15 at ¶ 23*. Defendants reasoned that this pleading finally made it clear enough that the amount in controversy was more than $5,000,000.00. *Compare № 2 at ¶¶ 154–161 and № 3 at ¶¶ 116–119 with № 15 at ¶¶ 22–23*.

Neither the original complaint nor first amended complaint gave enough specifics on the amount in controversy to put Defendants on notice. Contrary to Riggs-Degraftenreed's argument on reply, one of her motion responses in the circuit court was not a paper that put Defendants on notice either; this response is silent about the amount in controversy. *№ 31*. Removing within thirty days of the third amended complaint, which solidified an amount in controversy as more than $5,000,000.00, was proper.

Removal was timely.  Motion to remand, № 19, denied.  Responses to the pending motions to dismiss due by 28 February 2014.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

12 February 2014