IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATINA RIGGS-DEGRAFTENREED                                          PLAINTIFF

v.                              No. 4:13-cv-669-DPM

WELLS FARGO HOME MORTGAGE INC.;
WELLS FARGO BANK NA; and WILSON
& ASSOCIATES PLLC                                                    DEFENDANTS

ORDER

1. This removed case is stuck in maneuvering about the forum. The Court denied Riggs-Degraftenreed's motion to remand. № 35. Wells Fargo and Wilson & Associates have moved to dismiss the fourth amended complaint. Riggs-Degraftenreed has responded with a proposed fifth amended complaint, which deletes the class allegations that triggered this Court's subject matter jurisdiction under CAFA, but is unresponsive to the alleged defects in her claims. Her motion to amend contains an embedded request for remand on the heels of the amendment, if it's allowed.

2. **Amendment?** There's no need for another one. The proposed amended complaint is the functional equivalent of non-suiting the class allegations. That step makes good sense because of the recently certified nationwide class in another court. *Huyer v. Wells Fargo & Co.*, 295 F.R.D. 332,

2013 WL 5754885 (S.D. Iowa 23 Oct. 2013). All class-related allegations and claims are dismissed without prejudice. Motion to amend, № 36, denied as moot.

**3. Jurisdiction?** The Court had jurisdiction at removal. № 35. It still has jurisdiction, notwithstanding dismissal of the CAFA-qualifying claims. *Brown v. Mortgage Electronic Registration Systems, Inc.*, 738 F.3d 926, 933 (8th Cir. 2013). Section 1447(c)'s command does not apply. *Compare Wallace v. Conagra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). Instead, the question is whether the Court should exercise its discretion under the supplemental-jurisdiction statute to keep the case here.

The general rule, of course, is to remand or dismiss without prejudice. *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir 2005). Post-removal amendments that take state-law issues to state courts should generally be encouraged. But in this case, all the material circumstances favor going forward. First, though the litigation has been pending for nearly two years, little or nothing has been decided on the merits. The prompt administration of justice is suffering. Second, the Court has dug into the motions to dismiss because they've been pending for several months. This effort would be lost if the Court remanded. Third, no novel state law issues seem present. Comity

will thus not be damaged by adjudicating the case here. Overall, it strikes the Court as the fairer and more efficient outcome to retain the case. *Brown*, 738 F.3d at 933-34. This dispute needs rulings on the merits, not another forum bounce. The Court will address Riggs-Degraftenreed's pending claims in turn.

**4. Breach of contract.** The complaint doesn't allege, as it must, that any contract existed between Wilson & Associates and Riggs-Degraftenreed. *Key v. Coryell*, 86 Ark. App. 334, 342, 185 S.W.3d 98, 104 (2004); Ark. Model Jury Instructions, Civil § 2401 (2014). As to the Wells Fargo defendants, the claim is thinly pleaded and scattered about the docket. The note and deed of trust, for example, are attached to the original complaint, № 2 *at 34-45*, but not the amended ones. These problems are partly the result of an attempt to incorporate prior complaints in this removed case by reference — a practice permitted in state court, but not here. *Compare* ARK. R. CIV. P. 10(c) *with* LOCAL RULE 5.5(e).

Still, the terms of the contract are set out sufficiently to make out the claim against Wells Fargo. *Perry v. Baptist Health*, 358 Ark. 238, 244, 189 S.W.3d 54, 58 (2004). The note and deed dictated how much Riggs-

Degraftenreed would have to pay the bank and how those payments would be allocated, *№ 2 at 39 at ¶ 3*; allegedly, Wells Fargo overcharged and misallocated; the alleged improper allocation led to extra and inflated fees. Whether the intervening bankruptcy proceedings altered the terms of any agreement, as Defendants suggest, can be ventilated during discovery. The complaint, though, says enough to move the contract claim along as to the Wells Fargo defendants; the claim is dismissed as to Wilson & Associates.

**5. Unjust enrichment.** Riggs-Degraftenreed's note and deed outlined how her mortgage payments were divided among principal, interest, and fees. *№ 16 at ¶ 7*. The note also covered "costs and expenses including reasonable and customary attorneys' fees" associated with collecting on a default, limited only by the relevant HUD regulations. *№ 2 at 35 at ¶ 6(C)*. The pending issues, then, are ones of contract performance and interpretation. Did Wells Fargo adhere to the payment-allocation agreement, and were the fees reasonable? No one disputes the contract's validity. And because the note and deed, along with federal law, govern the dispute and provide remedies for any foreseeable losses resulting from any breach, there's no hole left for

equity to fill. *Deutsche Bank National Trust Co. v. Austin*, 2011 Ark. App. 531, at *8, 385 S.W.3d 381, 387. The unjust enrichment claim is dismissed.

**6. Fraud.** There aren't any allegations of fraud by the Wilson firm. № 16 at ¶¶ 35–42. Fraudulent concealment is a limitations defense, not a claim. *Barre v. Hoffman*, 2009 Ark. 373, at *5, 326 S.W.3d 415, 418. The remaining allegations about Wells Fargo's conduct are just too vague to satisfy Rule 9. Riggs-Degraftenreed says, without detail, that Wells Fargo made some false representations that she relied upon. Too many questions remain. What, exactly, was the lie? Who said or wrote it? When and where? *Freitas v. Wells Fargo Home Mortgage, Inc.*, 703 F.3d 436, 439–440 (8th Cir. 2013). These basics are necessary so Wells Fargo can effectively prepare its case and mount its defense. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Riggs-Degraftenreed's claim fails without them, and is dismissed.

**7. Conversion.** Arkansas law precludes Riggs-Degraftenreed—the note's maker—from bringing an action for the note's conversion. ARK. CODE ANN. 4-3-420(a); *see also* ARK. CODE ANN. 4-3-105(c)(maker is an issuer). In any event, the note can't support a conversion claim because it has no value. Everyone agrees that Riggs-Degraftenreed paid off her house and

extinguished the note. № *16 at ¶ 12; № 18 at 10*. After it was paid off, she was entitled to the cancelled note or some other proof that it had been paid. ARK. CODE ANN. § 4-3-501(b)(2). She's received some other proof. № *2 at 66*. The Court doesn't understand, then, how Riggs-Degraftenreed was hurt by not having possession of the cancelled note after it was paid off. The conversion claim is dismissed.

**8. Accounting.** To get this equitable relief, Riggs-Degraftenreed must show that either Wells Fargo or Wilson & Associates was her fiduciary. *Bostic v. Goodnight*, 443 F.3d 1044, 1048 (8th Cir. 2006). Neither was. Riggs-Degraftenreed was a bank customer, and the bank was her lender. She doesn't allege otherwise. Arkansas law is clear that this type of lender-borrower relationship isn't the sort of confidential relationship for which an accounting may be appropriate. *Mans v. Peoples Bank of Imboden*, 340 Ark. 518, 525-526, 10 S.W.3d 885, 889 (2000). And Wilson & Associates were not Riggs-Degraftenreed's lawyers.

\* \* \*

Class allegations and claims dismissed. Motion to amend, № *36*, denied as moot. Motions to dismiss, № *17 & 21*, granted in part and denied in part

as explained. What remains is Riggs-Degraftenreed's breach-of-contract claim against the Wells Fargo defendants; all other claims are dismissed. Wilson & Associates is out of the case. Scheduling Orders, with an expedited timetable, will issue.

    So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 June 2014