IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATINA RIGGS-DEGRAFTENREED                                          PLAINTIFF

v.                              No. 4:13-cv-669-DPM

WELLS FARGO HOME MORTGAGE, INC.
and WELLS FARGO BANK NA                                             DEFENDANTS

ORDER

1. Joint report, № 54, noted. The Court appreciates counsels' efforts in meeting and trying to resolve disputes about the Rule 30(b)(6) depositions.

2. Wells Fargo's objections to questioning beyond Riggs-Degraftenreed's case are sustained as follows. Riggs-Degraftenreed may inquire about any of the listed areas *as to her loan and deed of trust*. She may inquire about whether any step was taken (or not taken) pursuant to a Wells Fargo policy. She may inquire about whether any step was taken (or not taken) pursuant to a particular software program. Riggs-Degraftenreed may not inquire, however, about other borrowers in Arkansas or elsewhere. And any questioning about applicable policies or computer programs must involve Riggs-Degraftenreed's transaction with Wells Fargo. She has only a contract claim remaining. Punitive damages are not available. While the general rule is

softening at the margins, BRILL, LAW OF DAMAGES § 9:3 (6th ed. 2014), none of the exceptions apply in this case.

3. Wells Fargo's objections about inquiry into affirmative defenses are overruled with a caveat. The 30(b)(6) witness should be prepared to testify about what *facts* he or she knows that support each defense. Of course Riggs-Degraftenreed may not inquire into the thinking of the bank's lawyer or lawyer/client communications.

* * *

Joint report, № 54, addressed. Discovery is extended again until 29 May 2015 to allow 30(b)(6) depositions to be taken on a mutually convenient date without sprinting. Any dispositive motion due by 15 June 2015.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 April 2015