IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATINA RIGGS-DEGRAFTENREED                                      PLAINTIFF

v.                            No. 4:13-cv-669-DPM

WELLS FARGO HOME MORTGAGE, INC.;
WELLS FARGO BANK, N.A.; and WILSON
& ASSOCIATES PLLC                                               DEFENDANTS

ORDER

Riggs-Degraftenreed's motion for attorney's fees and costs, № 92, is granted in part and denied in part. Her $1,248.15 in costs are awarded. They're within the rule and the statute. Wells Fargo doesn't dispute them. Considering the record as a whole, and applying Arkansas law, the Court also awards Riggs-Degraftenreed a reasonable attorney's fee of $18,750. ARK. CODE ANN. § 16-22-308; *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–230, 800 S.W.2d 717, 718–19 (1990). Here's why.

The damages were modest, not nominal. The Court awarded what Riggs-Degraftenreed was actually out of pocket. This is not a case where no actual damage occurred even though a legal right was violated. *E.g., Cathey v. Arkansas Power & Light Co.*, 193 Ark. 92, 96–97, 97 S.W.2d 624, 627 (1936). Riggs-Degraftenreed's receipt of the tender from Wells Fargo's lawyers,

which would have made her almost whole, is important but not dispositive. She had a choice: negotiate that check, and watch her lawsuit disappear; or fight on, trying to discern exactly how much the law entitled her to.

As things fell out, the tender was approximately four hundred dollars short. So the truly disputed amount and the recovery were small. The experience and ability of Riggs-Degrafteenreed's lawyer are unquestioned — rightly so. Though both took some sorting, № 41 & 86, the governing law wasn't novel and the transactional facts weren't difficult. Neither client-driven limitations nor sacrificed other work seem to have been involved. And the Court doesn't know whether counsel and Riggs-Degraftenreed had a fixed, contingent, or hybrid fee arrangement. In the Court's experience, current hourly rates between $225 and $275 are customary in central Arkansas for this kind of work. This case has been going on for years: current rates are fair because of the delay in payment. Acknowledging that it's always difficult, once the result is in, to pass judgment on how much time should have reasonably been spent to do the work well, the Court concludes that more focused efforts could have achieved the same victory. Also, the Court must discount the time actually spent. The discount reflects the fact that

Case 4:13-cv-00669-DPM   Document 96   Filed 06/14/16   Page 3 of 3

Riggs-Degraftenreed recovered on only one individual claim against the bank, rather than on the many claims asserted for a potential class against the bank and its lawyers. All the material circumstances lead the Court to set the fee at $250/hour for seventy-five hours of work. *Chrisco*, 304 Ark. 229–30, 800 S.W.2d at 718–19; *All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 520–21 (8th Cir. 2009). Wells Fargo owes Riggs-Degraftenreed a total of $19,998.15 for costs and fees.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

14 June 2016